IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Teresa Hill, | ) | Civil Action No. 2:25-13339-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Charleston County, South Carolina; | ) | |
| Town of Hollywood, South Carolina; | ) | |
| South Carolina Department of | ) | |
| Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by Plaintiff, an attorney barred in South Carolina,[1] alleging inverse condemnation and violation of her civil rights under 42 U.S.C. § 1983. Summonses were issued for Defendants on November 12, 2025. (Dkt. No. 7.) On January 6, 2026, Defendant Charleston County, South Carolina filed an Answer. (Dkt. No. 9.) However, Plaintiff has failed to file any documents with the Court indicating that service has been executed on Defendants Town of Hollywood, South Carolina and South Carolina Department of Transportation, and they have not appeared in this action.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, unless Defendants are served within 90 days after the Complaint is filed, this Court is required to dismiss an action without prejudice as to the Defendants. The 90-day limit established by Rule 4(m) begins to run on the date the summons is issued. *Robinson v. Clipse*, 602 F.3d 605, 608-09 (4th Cir. 2010). The

---

[1] Licensed lawyers representing themselves are not entitled to the deference typically afforded to *pro se* litigants. *See Rashad v. Jenkins*, Case No. 3:15-cv-655, 2016 WL 901279 at *3 (E.D. Va. Mar. 3, 2016) (holding that, while the United States Court of Appeals for the Fourth Circuit has not directly addressed this issue, "[o]ther courts have drawn a distinction between *pro se* attorneys and other *pro se* parties") (collecting cases from the Second, Fifth, Sixth, Seventh, and Tenth Circuits holding that *pro se* attorneys are not entitled to the liberal and lenient treatment ordinarily afforded *pro se* parties).

1

90-day period for service of process has expired, and there is no evidence that Defendants Town of Hollywood, South Carolina and South Carolina Department of Transportation have been served. Accordingly, it is recommended that Defendants Town of Hollywood, South Carolina and South Carolina Department of Transportation be dismissed without prejudice for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[2]

AND IT IS SO RECOMMENDED.

May 11, 2026

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Rule 4(m), the Court will extend time for service if Plaintiff shows good cause for the failure to execute the aforementioned summonses. *See* Rule 4(m), Fed. R. Civ. P. No such cause has been shown to date.

2

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).